**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN EISENHART** | : | |
| 2344 Margaux Valley Way | : | |
| Colorado Springs, CO 80921 | : | |
| | : | |
| Plaintiff, | : | CASE NO.  2:20-cv-5819 |
| | : | |
| v. | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| | : | |
| **JETSELECT LLC d.b.a** | : | |
| **JETSELECT AVIATION** | : | |
| 4130 East 5th Ave. | : | **Jury Demand Endorsed Herein** |
| Columbus, OH 43219 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **COMPLAINT**

NOW COMES Plaintiff John Eisenhart ("Plaintiff") and proffers this Complaint for damages against Defendant JetSelect Aviation. ("Defendant").

## **THE PARTIES**

1.      Plaintiff is a natural person residing in El Paso County, Colorado.

2.      Defendant JetSelect Aviation is a corporation headquartered in the Southern District of Ohio.

3.      At all relevant times, Plaintiff was an employee as that term is defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq.* ("ADA") and by O.R.C. Chapter 4112.

1

4. Defendant is an "employer" as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA") and by O.R.C. Chapter 4112.

## JURISDICTION AND VENUE

5. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

6. This action is brought pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA"), the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a facility in Columbus, Ohio, at which the events in question took place.

8. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A".

## FACTUAL BACKGROUND

9. Plaintiff began working for Defendant on or about June 19, 2018 as a Pilot/Second in Command (SIC).

10. In or around October 2018, Plaintiff was diagnosed with cataracts.

11. Plaintiff's diagnosis qualifies as a disability because it impacts his daily life activities, such as seeing, driving, and flying.

2

12.     Plaintiff's condition possibly required surgery and a three-month recovery period.

13.     Plaintiff informed Defendant that he was unsure of his treatment plan and would not know if surgery was required until his follow-up appointment with his ophthalmologist set for November 27, 2018.

14.     Plaintiff applied for Short Term Disability ("STD") in preparation for surgery and recovery on or about October 19, 2018.

15.     UNUM, Plaintiff's insurance carrier, attempted to process his claim, but Defendant failed to respond to UNUM on four separate occasions.

16.     Due to Defendant's failure to submit an employer statement, UNUM notified Plaintiff that his STD claim had been withdrawn on November 7, 2018.

17.     Plaintiff notified Robert Austin, Defendant's CEO, of the withdrawal on the same day.

18.     Defendant terminated Plaintiff eleven days later on or about November 18, 2018.

19.     Plaintiff was terminated for allegedly not responding to a text messages, emails, and voicemails left by Gregory Marcussen, Director of Operations, when Plaintiff had in fact spoken with Mr. Marcussen on the phone that day.

20.     Defendant terminated Plaintiff after causing his insurance company to withdraw his STD claim, well aware of Plaintiff's potential upcoming surgery.

21.     Defendant terminated Plaintiff based on his disability, his requests for a reasonable accommodation and because he exercised his right to a reasonable accommodation.

22.     The proffered reasons for Plaintiff's termination are untrue and pretextual.

## COUNT I
### Disability Discrimination – R.C. §4112.02

23.     At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

24.     At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01(A)(13) of the Ohio Revised Code.

25.     Defendant knew Plaintiff was disabled and/or regarded him as disabled because Plaintiff applied for STD leave for his cataracts diagnosis that may have required surgery.

26.     Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability because it knew Plaintiff's treatment plan may require surgery and a three-month recovery period.

27.     Defendant denied approval of Plaintiff's request for accommodation by failing to submit an employer statement to UNUM, Plaintiff's insurance company.

28.     Defendant claimed it denied approval because Plaintiff did not submit a date of disability, but it knew Plaintiff had been diagnosed with cataracts in October 2018.

29.     Furthermore, Defendant knew Plaintiff had an appointment with his ophthalmologist to determine whether surgery was necessary on or about November 27, 2018.

30.     Defendant denied his request for an accommodation and terminated him before he could determine whether surgical removal of his cataracts was required.

31.     Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions:   terminating his employment,

4

retaliating against him, denying his request for reasonable accommodation, fabricating reasons for termination, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

32.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

33.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT II
### Disability Discrimination - Americans with Disabilities Act

34.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

35.     This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, *et seq.*, and as defined in 42 U.S.C. § 12101.

36.     Plaintiff is an otherwise qualified individual.

37.     Defendant knew or had reason to know Plaintiff suffered from a disability, and/or regarded him as disabled.

38.     Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

39.     Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions:   terminating his employment, retaliating against him, denying his request for reasonable accommodation, fabricating reasons for

termination, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

40.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

41.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**COUNT III**
**Retaliation- R.C. §4112.02**

42.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

43.     Plaintiff engaged in a protected activity by requesting a reasonable accommodation for his disability.

44.     Defendant knew Plaintiff engaged in a protected activity.

45.     Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, refusing his reasonable accommodation, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

46.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but

not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

47.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**COUNT IV**
**Retaliation- Americans with Disabilities Act**

48.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

49.     Plaintiff engaged in a protected activity by requesting reasonable accommodation for his disability.

50.     Defendant knew Plaintiff engaged in a protected activity.

51.     Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, refusing his reasonable accommodation, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

52.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

53.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT V
### Failure to Accommodate- Americans with Disabilities Act

54.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

55.     At all times material herein, Plaintiff was disabled, or regarded as being disabled, as defined in 42 U.S.C. §12102.

56.     Defendant knew or had reason to know that Plaintiff suffered from a disability, and/or regarded him as disabled.

57.     Plaintiff was an otherwise qualified individual with a disability.

58.     Plaintiff requested a reasonable accommodation for his disability when he applied for STD and requested medical leave in preparation for cataract-removal surgery.

59.     Such reasonable accommodations were possible for Defendant to provide.

60.     Defendant violated the ADA by failing to accommodate Plaintiff's disability by terminating Plaintiff before he could exercise his right to reasonable accommodation.

61.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

62.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT VI
### Failure to Accommodate- R.C. §4112.02

63.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

64.     At all times herein, Plaintiff suffered from an impairment within the meaning of R.C. §4112.01.

65.     At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01

66.     Defendant knew or had reason to know Plaintiff suffered from a disability and/or regarded him as disabled.

67.     Plaintiff requested a reasonable accommodation for his disability when he applied for STD leave in October of 2018.

68.     Such reasonable accommodations were possible for Defendant to provide.

69.     Defendant violated R.C. §4112.02 by failing to accommodate Plaintiff's disability, by retaliating against Plaintiff for seeking a reasonable accommodation, and by terminating him before he could exercise his right to reasonable accommodation.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,


/s/ *Peter G. Friedmann*
Peter G. Friedmann (0089293)
(*Pete@thefriedmannfirm.com*)
Rachel A. Sabo (0089226)
(*Rachel@thefriedmannfirm.com)*
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9756 (Phone)
614-737-9812 (Fax)

*Attorneys for Plaintiff*


## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.


/s/ *Peter G. Friedmann*
Peter G. Friedmann (0089293